Filed 11/21/14  In re M.M. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re M.M. et al., Persons Coming Under the Juvenile Court Law. | |
| | D066132 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. SJ12862A-C) |
| v. | |
| CRISTINA A., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Tiffany Gilmartin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Candice H. Cohen, Deputy County Counsel, for Plaintiff and Respondent.

Dependency Legal Group of San Diego and Eva Wiatrowski for Minors.

Cristina A. appeals juvenile court orders terminating her parental rights to her children M.M., Z.M, and N.A. She contends insufficient evidence was presented to support the court's finding the parent-child beneficial relationship exception of Welfare and Institutions Code[1] section 366.26, subdivision (c)(1)(B)(i), to termination of parental rights and adoption did not apply to her. We affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2013, the San Diego County Health and Human Services Agency (the Agency) petitioned on behalf of three-year-old M.M., two-year-old Z.M. and infant N.A. under section 300, subdivision (b), based on recurring domestic violence between N.A.'s father, Oscar A., and Cristina in the family home. The petition concerning N.A. also included a count stating that N.A. and Cristina had tested positive for methamphetamine at the time of N.A.'s birth. The court ordered the children detained and ordered supervised visitation for Cristina and Oscar. In March, the court found the allegations true and removed custody. It ordered Cristina to participate in reunification services, including counseling, parenting education and substance abuse treatment.

Cristina and Oscar remained married and living together. Cristina had regular visits with the children, and they appeared happy to see her. On March 19, 2013, she had a positive methamphetamine test and missed one drug test. In April she tested positive for methamphetamine again, was terminated from her out-patient substance abuse

---

1    Statutory references are to the Welfare and Institutions Code.

program, entered another program and was referred to Drug Court. She complied with Drug Court requirements, but on June 18 had another positive methamphetamine test and was discharged from her outpatient program. She was three months pregnant with her fourth child at the time. During the same month there was another domestic violence incident.

Cristina had more positive drug tests in July, September and October 2013. Her visits with the children were inconsistent, and M.M. had negative emotional reactions after visits. At the six-month review hearing on October 30, 2013, the court terminated Cristina's services and set a section 366.26 hearing to determine permanent plans for the children.

The social worker recommended the children be adopted. Their caregivers were committed to adopting them, and numerous families were willing to adopt children with their characteristics.

On March 26, 2014, Cristina petitioned under section 388, requesting additional services and unsupervised visits. She argued she had been engaging in services voluntarily and was making significant progress toward her case plan objectives. The social worker reported Cristina was enrolled in services regarding the dependency of her fourth child, infant E.A. On April 21 and 29, Cristina again tested positive for methamphetamine use.

At the hearing on May 19, 2014, after hearing evidence and argument by counsel, the court denied Cristina's section 388 petition. After considering the evidence and additional argument, it then found by clear and convincing evidence the children are

3

adoptable. It found Cristina had maintained regular visitation and had a good relationship with N.A., but she had not shown N.A. would be greatly harmed by severing the parent-child relationship. The court found Cristina also had positive relationships with M.M. and Z.M., but she had not made enough progress to have unsupervised visits and was therefore unable to take on a parenting role, and there was no evidence that termination of parental rights would cause significant detriment to M.M. and Z.M. The court terminated parental rights and designated the children's caregivers as their prospective adoptive parents.

## DISCUSSION

Cristina contends insufficient evidence was presented to support the court's finding the beneficial parent-child relationship exception of section 366.26, subdivision (c)(1)(B)(i), to termination of parental rights and adoption did not apply to her. She argues she maintained regular visitation, she was M.M.'s and Z.M.'s primary caregiver before they were removed, the children were bonded to her, recognized her as their mother, eagerly went to her during visits and were always happy to see her. She claims she demonstrated a parental role and showed she placed the children's needs ahead of her own.

Adoption is the permanent plan favored by the Legislature. (*In re Autumn H.* (1994) 27 Cal.App.4th 567, 573.) If the court finds by clear and convincing evidence that a child is adoptable, it becomes the parent's burden to show that termination of parental rights would be detrimental to the child because a specified statutory exception exists. (*Id*. at p. 574.) Under the exception found in section 366.26, subdivision (c)(1)(B)(i), the

4

parent is required to show termination would be detrimental in that "[t]he parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship." In *In re Brandon C.* (1999) 71 Cal.App.4th 1530, 1534, the court noted "[c]ourts have required more than just 'frequent and loving contact' to establish the requisite benefit for [the] exception."

In reviewing whether there is sufficient evidence to support the trial court's finding, the appellate court reviews the evidence in the light most favorable to the trial court's order, giving the prevailing party the benefit of every reasonable inference and resolving all conflicts in support of the order. (*In re Autumn H.*, *supra*, 27 Cal.App.4th at p. 576.)

Cristina visited the children on a fairly regular basis throughout their dependencies. However, she did not show she fulfilled a parental role, that the children would be greatly harmed by termination of her parental rights, or that her relationship with them was so beneficial that it outweighed the advantages they would gain from being adopted.

During visits Cristina sometimes sat on a couch and watched movies with the children, and the caregivers had to encourage her to interact and play with them. The caregivers were required to supervise when Cristina asked for their help in setting limits for the children. When visits were at the visitation center, if M.M. misbehaved, Cristina threatened to tell the caregivers. During some visits, Cristina appeared nervous and worried and turned her attention away from the children, saying Oscar was outside waiting for her.

5

Cristina argues the children were happy to see her and did not want to separate from her when visits ended, and M.M. had trouble sleeping and even pulled out her eyelashes after visits. However, by the time of the section 366.26 hearing, M.M.'s caregivers reported M.M. was sleeping better and was no longer pulling out her eyelashes.

Cristina did not show the children would be greatly harmed if parental rights were terminated. Her reliance of *In re S.B.* (2008) 164 Cal.App.4th 289 is misplaced. In *S.B.*, we reversed the juvenile court's finding that the beneficial parent-child relationship exception did not apply after concluding the child would be greatly harmed by loss of the significant, positive relationship she shared with her father. The father had complied with every aspect of his case plan, frequently visited the child and was devoted to her. (*Id.* at p. 294-295.) Cristina's case is distinguishable. Unlike the father in *S.B.*, Cristina had been in and out of substance abuse treatment programs, she did not complete parenting classes or therapy, and, during the dependency period, engaged in another domestic violence incident with Oscar. In January 2014, her fourth child was detained because of her drug use. In April, Cristina again tested positive for methamphetamine. Meanwhile, the children were thriving in placement with their caregivers.

Moreover, the determination on appeal is whether there is substantial evidence to support the juvenile court's findings that the beneficial parent-child relationship exception did not apply. We conclude that on the facts of this case, the court had sufficient evidence to support its findings. The benefits to the children of being adopted into permanent, stable homes outweighed the strength of their bonds with Cristina. Cristina

6

had not shown a lack of substantial evidence to support the court's finding the beneficial parent-child relationship exception to termination of parental rights and adoption did not apply.

## DISPOSITION

The orders are affirmed.

IRION, J.

WE CONCUR:

NARES, Acting P. J.

McINTYRE, J.

7